UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil No. 8:09-cv-00552-JSM-TGW |
| RONALD A. LUPI, GENE ALAN WEBB, as Trustee for the EAGLES GROUP #1 HOLDING TRUST, GLEN A. BORCHARDT, and LORI LUPI, | |
| Defendants. | |

**ORDER OF FORECLOSURE AND SALE**

On June 9, 2010, the Court granted the United States' motion for partial summary judgment against Ronald A Lupi ("Lupi") in the above-entitled action. (*See* Doc. 48). The Court (i) entered a judgment in favor of the United States and against Lupi for unpaid federal income tax liabilities for the years 1992 through 1996 in the amount of $712,319.05, as of March 31, 2010, plus statutory additions accruing thereafter as allowed by law; and (ii) determined that (a) Defendant Eagles Group #1 Holding Trust (the "Trust") held bare legal title to at least a half interest in the real property at issue as Lupi's nominee, (b) that the Trust did not possess any interests in the real property described in paragraph 21 of the Amended Complaint, (c) that the real property is subject to the United States' federal tax liens, and (d) the Trust has no legal interest in the property.

5583035.1

Prior to the issuance of this Court's June 9, 2010 order granting the United States' motion for summary judgment, the United States and Lori Lupi Borchardt ("Borchardt") reached a settlement agreement. Under this agreement, the parties agreed that, upon approval by the Court, that the United States would be entitled to fifty (50) percent of the net proceeds resulting from a sale of the real property at issue in this litigation and Borchardt would be entitled to the remaining fifty (50) percent. The Court approved this Joint Stipulation in its June 9, 2010 Order.

THIS MATTER is before the Court upon United States' Motion for an Order of Foreclosure and Sale. The Court has carefully reviewed the Motion and the entire court file.

Accordingly, after due consideration, it is

ORDERED that the United States' Motion for an Order of Sale is GRANTED.

IT IS FURTHER ORDERED that

1. As found by this Court in its June 9, 2010 Order, the United States' federal tax liens encumber the real property located at 26292 Lost Horse Lane, Brooksville, Florida 34601 which is more particularly described as:

> Commencing at a 2" capped iron pipe marking the Northwest corner of the Northeast 1/4 of Section 16, Township 22 South, Range 20 East, Hernando County, Florida; go thence South 00° 43' 08" West, along the West line of said Northeast 1/4, a distance of 1,790.12 feet; thence South 88° 57' 11" East, a distance of 2,108.57 feet to the Point of the Beginning; continue thence South 88° 57' 11" East, a distance of 526.00 feet; thence South 01° 20' 11" West a distance of 847.49 feet; thence North 89° 00' 32" West a distance of 526.00 feet; thence North 01° 20' 11" East, a distance of 848.00 feet to the Point to Beginning. TOGETHER WITH an undivided interest in the Access Tract described as follows:
>
> Commencing at a 2" capped iron pipe marking the Northwest corner fo the Northeast 1/4 of Section 16, Township 22 South, Range 20 East, Hernando County, Florida, go thence South 00° 43' 08" West along the West line of said Northeast 1/4 a distance of 1,730.12 feet to the Point of Beginning; thence South 88° 57' 11" East, a distance of 2,633.26 feet; thence North 01° 20' 11" east, a

distance of 847.49 feet; thence South 88° 53' 51" East, a distance of 60.00 feet; thence South 01° 20' 11" East, a distance of 1,754.87 feet; thence North 89° 00' 32" West, a distance of 60.00 feet; thence North 01° 20' 11' East, a distance of 847.49 feet; thence 89° 57' 11" West a distance of 2,632.51 feet; thence North 00° 43' 08 East, a distance of 60.00 feet to the Point of Beginning.

SUBJECT LAND IS CONTAINED WITHIN A SUBDIVISION WHICH HAS NOT BEEN FORMALLY PLATTED AND APPROVED BY THE BOARD OF COUNTY COMMISSIONERS OF HERNANDO COUNTY AND SAID COUNTY HAS ABSOLUTELY NO OBLIGATION TO MAINTAIN OR IMPROVE THE ACCESS TRACT WITHIN THE SUBDIVISION.

Parcel No. R16 422 20 7020 0000 00J0 (hereinafter the "Subject Property").

2. That the federal tax and judgment liens are hereby foreclosed against the Subject Property described at paragraph 1, above, and that the Subject Property in its entirety is ordered sold.

3. That the Internal Revenue Service (the "IRS") Property Appraisal and Liquidation Specialists ("PALS"), is hereby authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction and to sell the Subject Property described in paragraph 1 above, with any improvements, buildings, fixtures and appurtenances, thereunto pertaining, which are included in the definition of the "Subject Property."

4. The Subject Property shall be sold to the highest and best bidder for cash, at public auction, at either the premises themselves or at the Hernando County Courthouse, in accordance with the provisions of 28 U.S.C. § 2001, the times thereof to be announced by the PALS.

5. PALS is directed to publish a notice of sale, describing the property to be sold, once a week for four (4) consecutive weeks immediately prior to sale, in a newspaper of general circulation in Hernando County, Florida, and by any other notice that the IRS in its discretion may deem appropriate. The sale shall be made to the highest bidder for cash.

6. That any rights, title, liens, claims or interests in the Subject Property of parties to this action are discharged upon sale of the property and confirmation of the sale, as described in paragraphs 3, above, and 15 and 16, below.

7. The sale of the Subject Property shall be subject to building lines, if established, all laws, ordinances, and government regulations (including building and zoning ordinances) affecting the Subject Property, and easements and restrictions, if any.

8. The minimum bid for the Subject Property will be set by PALS. If the minimum bid is not met or exceeded, PALS may, without further permission of this Court, and under the terms and conditions of this Order of Foreclosure and Sale, hold a new public sale and reduce the minimum bid.

9. That the successful bidder(s) shall be required to deposit with PALS a minimum of twenty percent of the deposit of his or her bid by certified check, made payable to the United States District Court, or cash deposit at the time of sale. Before being permitted to bid at the sale, bidders shall display to PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale.

10. That the balance of the purchase price for the respective Subject Property shall be tendered to PALS by the successful bidder within 30 days following the date of sale in the form of a certified check payable to the United States District Court for the Middle District of Florida. The clerk of court shall deposit such funds into the registry for the Court. In the event that the purchaser fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, with the remaining amount to be split between Lori Lupi Borchardt and the

United States equally (*i.e.*, fifty-fifty), and the Subject Property shall be re-offered for sale or be offered to the second highest bidder in accordance with the provisions of paragraph 3, above. The United States may bid as a credit against its judgment without tender of cash.

11. Pending the sale of the Subject Property, the representatives of PALS are authorized to have free access to the property's premises and to take any and all actions necessary to preserve the premises, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the property is delivered to the ultimate purchaser of the property. PALS shall take all actions appropriate to conserve and preserve the Subject Property until the deed for the real property is delivered to the successful purchaser.

12. Until the Subject Property is sold, the named defendants, and any other tenants or other persons occupying the real property, shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

13. All persons occupying the Subject Property shall leave and vacate the property permanently within 30 days of the date this order is filed or the date on which a copy of it is delivered to the Defendants, whichever is later, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property).

Further, all persons occupying the Subject Property shall turn over the keys to the Subject Property, suitably labeled, within 30 days of the date this order is filed or the date on which a copy of it is delivered to the Defendants, whichever is later. If any person occupying the Subject Property fails or refuses to leave and vacate the Subject Property by the time specified in this order, the IRS is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. This Order shall serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from this Court shall be required for this purpose.

14. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned; and, the IRS is authorized to remove the personal property and dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 18 below.

15. That the sale of the Subject Property shall be subject to confirmation by this Court, and upon confirmation PALS shall execute and deliver its deed, conveying the respective Subject Property to the successful purchaser.

16. That, when the sale is confirmed by this Court, the Register of Deeds of Hernando County, Florida shall cause transfer of the respective Subject Property to be reflected upon that county's register of title.

17. A successful third-party bidder at the sale shall pay, in addition to the amount of the

bid, any documentary stamps and Clerk's registry fees as provided by law and be responsible for any current year real estate taxes (or any other fees) that become due after the sale.

18. After the sale is confirmed by this Court, the proceeds shall be distributed as follows:

  a. First, to PALS to cover the expenses of the sale, including any expenses incurred to secure or maintain the Subject Property pending sale and confirmation by the Court. If the Government is the successful bidder, and therefore has not tendered cash, the Government shall tender to PALS the expenses of the sale;

  b. Second, to the Hernando County Tax Collector for any property taxes unpaid and matured owing; and

  c. Third, in accordance with the joint stipulation entered into by the United States and Borchardt, the remaining proceeds will be distributed equally between the United States and Borchardt with each party receiving fifty (50) percent of the net proceeds.

19. The Court retains jurisdiction over this cause for purpose of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.

IT IS FURTHER ORDERED that the Clerk of Court shall immediately mail a copy of this Order to all counsel of record herein and to PALS and the Internal Revenue Service at the addresses set forth below and shall also deliver a copy to the United States Marshal.

DONE and ORDERED in Tampa, Florida on June 16, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Counsel/Parties of Record**

Sharon W. Sullivan, Property Appraisal and Liquidation Specialist,
Internal Revenue Service, 7850 SW 6th Court, STOP 5780,
Plantation, Florida 33324