UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil No. 8:09-cv-552-T-30TGW |
| ) | |
| RONALD A. LUPI, GENE ALAN WEBB, ) | |
| as Trustee for the EAGLES GROUP ) | |
| #1 HOLDING TRUST, ) | |
| GLEN A. BORCHARDT, and ) | |
| LORI LUPI, ) | |
| ) | |
| Defendants. ) | |

**ORDER CONFIRMING SALE AND**
**DIRECTING DISTRIBUTION OF PROCEEDS OF SALE**

This matter came before the Court on the United States' Motion for Confirmation of Sale and for Distribution of Proceeds of Sale (DE # 63), to confirm the sale of the parcel of real property here in issue ("the Subject Property") and to direct distribution by the Clerk of the Court of the proceeds of the sale. The Subject Property located at 26292 Lost Horse Lane, Brooksville, Florida 34601 which is more particularly described as:

> Commencing at a 2" capped iron pipe marking the Northwest corner of the Northeast 1/4 of Section 16, Township 22 South, Range 20 East, Hernando County, Florida; go thence South 00° 43' 08" West, along the West line of said Northeast 1/4, a distance of 1,790.12 feet; thence South 88° 57' 11" East, a distance of 2,108.57 feet to the Point of the Beginning; continue thence South 88° 57' 11" East, a distance of 526.00 feet; thence South 01° 20' 11" West a distance of 847.49 feet; thence North 89° 00' 32" West a distance of 526.00 feet; thence North 01° 20' 11" East, a distance of 848.00 feet to the Point to Beginning. TOGETHER WITH an undivided interest in the Access Tract described as follows:

>Commencing at a 2" capped iron pipe marking the Northwest corner fo the Northeast 1/4 of Section 16, Township 22 South, Range 20 East, Hernando County, Florida, go thence South 00° 43' 08" West along the West line of said Northeast 1/4 a distance of 1,730.12 feet to the Point of Beginning; thence South 88° 57' 11" East, a distance of 2,633.26 feet; thence North 01° 20' 11" east, a distance of 847.49 feet; thence South 88° 53' 51" East, a distance of 60.00 feet; thence South 01° 20' 11" East, a distance of 1,754.87 feet; thence North 89° 00' 32" West, a distance of 60.00 feet; thence North 01° 20' 11' East, a distance of 847.49 feet; thence 89° 57' 11" West a distance of 2,632.51 feet; thence North 00° 43' 08 East, a distance of 60.00 feet to the Point of Beginning.
>
>SUBJECT LAND IS CONTAINED WITHIN A SUBDIVISION WHICH HAS NOT BEEN FORMALLY PLATTED AND APPROVED BY THE BOARD OF COUNTY COMMISSIONERS OF HERNANDO COUNTY AND SAID COUNTY HAS ABSOLUTELY NO OBLIGATION TO MAINTAIN OR IMPROVE THE ACCESS TRACT WITHIN THE SUBDIVISION.

Parcel No. R16 422 20 7020 0000 00J0 (hereinafter the "Subject Property").

The Property was sold on May 3, 2011 by the Internal Revenue Service Property Appraisal and Liquidation Specialist (PALS) pursuant to the Order of Sale entered on June 16, 2011 in this action. (DE # 51.)

The Court, having reviewed the record, including the United States' Report of Sale and Motion for Confirmation of Sale and for Distribution of Proceeds of Sale and exhibits thereto, finds that the sale was in all respects legally and properly conducted. Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. The United States' Motion for Confirmation of Sale and for Distribution of Proceeds of Sale (DE # 63) is GRANTED.

2. The sale of the Subject Property on May 3, 2011, be, and the same hereby is, CONFIRMED.

3. PALS shall convey by Deed the Subject Property to Alfonso Diaz Del Castillo, the person described as the purchaser in the Report of Sale filed in this case.

4. The Clerk of this Court shall distribute the funds deposited into its registry in this action as follows:

    A. To the United States, in care of its counsel, as reimbursement for expenses incurred in selling the Property: **$2,309.68**.

    B. To the Hernando County Tax Collector, 20 North Main St., Room 112, Brooksville, Florida 34601-2892, Reference Key: 1262528: **$21,435.08**.

    C. To the United States, in care of its counsel for application against the outstanding federal income tax liabilities of Ronald Lupi, and Lori Lupi Borchardt, in care of her counsel of record in connection with her settlement with the United States, a 50-50 split of the net sales proceeds: each receiving **$125,627.62,** plus any interest that has accrued on the sales proceeds deposited with the Court to be split 50-50 as well. For the United States, the check should be made payable to the "United States Treasury." For Lori Lupi Borchardt, the check should be made payable to "The Law Offices of Jeffrey A. Herzog, P.A. Trust Account."

    D. Because the net proceeds to the United States are less than Lupi's federal income tax liability of $712.310.05, by the amount of 516,416.26, as of March 31, 2010 (DE # 48 at p. 12 ¶ 2 at ¶ 1), plus further interest and statutory additions thereon as allowed by law, to the date of payment, there are **$0** in proceeds remaining for distribution to Lupi.

5.  The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2009\09-cv-552.confirm sale.wpd