**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                Case No. 8:09-cv-552-T-30TGW

**RONALD A. LUPI, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon non-party Alfonso Diaz del Castillo's Motion to Correct Payment Disbursement Amounts on Order (Dkt. 66). The Court, having reviewed the motion and being otherwise advised of the premises, concludes that the motion should be denied.

Mr. Castillo is the purchaser of the Subject Property located at 26292 Lost Horse Lane, Brooksville, Florida 34601. The property was sold to him on May 3, 2011, by the Internal Revenue Service Property Appraisal and Liquidation Specialist (PALS) pursuant to the Order Confirming Sale and Directing Distribution of Proceeds of Sale entered on June 22, 2011 (Dkt. 64).

Mr. Castillo contends that he recently received from the Hernando County Tax Collector a tax bill for a full year (2011) of property taxes on the Subject Property in the amount of $4,197.79. He argues that he should not have to pay for the full year of taxes, but rather for the prorated number of months that he actually owned the property.

Notably, the Court's June 16, 2010 Order of Foreclosure and Sale states that "[a] successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law and **be responsible for any current year real estate**

**taxes (or any other fees) that become due after the sale**." (Dkt. 51 at ¶17) (emphasis added). The Order also notes that Hernando County would receive payment "for any property taxes unpaid and matured owing." *Id.* at ¶18b.

The amount of $21,435.08 paid to the Hernando County Tax Collector, as reflected in the June 22, 2011 Order Confirming Sale, reflects property taxes unpaid and matured owing. Because the 2011 property taxes were not due at that time, i.e., they had not yet matured, the Order did not provide payment of $4,197.79, or of any prorated amount. Accordingly, it is Mr. Castillo's responsibility, as the third-party bidder, to pay the entire amount of the 2011 property taxes on the Subject Property.

It is therefore ORDERED AND ADJUDGED that:

1. Alfonso Diaz del Castillo's Motion to Correct Payment Disbursement Amounts on Order (Dkt. 66) is DENIED.

2. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on November 22, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-552.mtcorrect66.frm